UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                       **Case No. 16-C-618**
                               **(Criminal Case No. 05-Cr-11)**

**LAWRENCE T. TURNER,**

    Defendant-Movant.

## DECISION AND ORDER

Pro se Movant Lawrence T. Turner filed a letter in his criminal case, which the Clerk of Court opened as a civil action for relief pursuant to 28 U.S.C. § 2255. Turner states that § 4B1.1(a) of the United States Sentencing Guidelines was used to enhance his sentence based on his prior second-degree recklessly endangering safety felony conviction. Relying on *Johnson v. United States,* 135 S.Ct. 2551 (2015), he posits that USSG § 4B1.1's residual clause may have been applied and, if so, he may be entitled to a reduction of his sentence. He also requested appointment of counsel, which the Federal Defender's Office declined unless the Court specifically orders it to represent Turner. (May 26, 2016, Docket Annotation; Case No. 05-Cr-11, ECF No. 244.)

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), which establishes a "'gatekeeping' mechanism for the consideration of 'second or successive federal habeas corpus applications,'" a prisoner must ask the

appropriate court of appeals to direct the district court to consider such an application. 28 U.S.C. § 2244(b). *Stewart v. Martinez-Villareal,* 523 U.S. 637, 641 (1998) (citation omitted). Without that authorization, the district court lacks jurisdiction over the petition. *Kramer v. United States,* 797 F.3d 493, 498 (7th Cir. 2015).

In this case, the instant motion is not Turner's first § 2255 motion. After filing a direct appeal, Turner filed a § 2255 motion which, after briefing, was denied on its merits by this Court. *See Turner v. United States*, No. 08-Cr-795, Decision and Order and Judgment (E.D. Wis.) (ECF Nos. 15, 16.) Consequently, this § 2255 motion is a successive motion for purposes of the AEDPA, and the Court lacks jurisdiction. *See Kramer,* 797 F.3d at 498. In order to proceed further with the Guideline-*Johnson* issue, Turner must first obtain permission from the Seventh Circuit Court of Appeals to file a successive § 2255 motion.[1] This Court also declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Turner's successive § 2255 motion (ECF No. 1) is **DISMISSED** for lack of jurisdiction; and

---

[1] The requirements for a filing a request to file a successive petition for collateral review are stated in Seventh Circuit Rule 22.2.

- 2 -

Case 2:16-cv-00618-RTR   Filed 05/27/16   Page 2 of 3   Document 2

The Clerk of Clerk is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2016.

                                      **BY THE COURT:**

                                      */s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**